**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GILBERTO FRANCO, § § § § § § § § § § § | **Case No.:** **COMPLAINT AND DEMAND FOR JURY TRIAL** **(Unlawful Debt Collection Practices)** |
| Plaintiff, | |
| v. | |
| VAN RU CREDIT CORPORATION, | |
| Defendant. | |

## **COMPLAINT**

GILBERTO FRANCO ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VAN RU CREDIT CORPORATION ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Commonwealth of Massachusetts and because the occurrences from

which Plaintiff's cause of action against Defendant arises took place and caused Plaintiff to suffer injury in the Commonwealth of Massachusetts.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Brockton, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

Defendant is a national debt collection company with corporate headquarters located at 1350 E. Touhy Ave, Ste. 300 E, Des Plaines, IL 60018.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. Upon information and belief, the debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around April 2017 and continuing through May 2017, Defendant's collectors placed repeated harassing telephone calls to Plaintiff cellular telephone.

13. Upon initial communication with Defendant, Plaintiff demanded that Defendant stop calling in or about May 2017.

14. However, Defendant continued to call him multiple times per week through in or around April 2017 through May 2017.

15. Defendant's further calls were aggravating and unnerving for Plaintiff.

16. When Plaintiff would routinely demand the Defendant to stop calling him, they would continue to place calls to the Plaintiffs cellular telephone.

17. Defendant's actions as described herein were made with the intent to harass, abuse, upset, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

18. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

19. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. Defendant violated §§ 1692d and d(5) when it placed repeated and harassing telephone calls to Plaintiff, typically calling Plaintiff multiple times per week about a debt, when it continued calling Plaintiff's cellular telephone after its knowledge that the Plaintiff's repeated instruction to stop calling.

## COUNT II
## DEFENDANT VIOLATED §1692f OF THE FDCPA

21. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

22. Here, Defendant violated § 1692f of the FDCPA by engaging in a course of conduct that included repeatedly calling Plaintiff an excessive number of times per week regarding a debt, continuing to call Plaintiff repeatedly after being informed they were calling a wrong number and to stop the calls and also by engaging in other unfair and unconscionable practices that violated Plaintiff's rights as a consumer.

WHEREFORE, Plaintiff, GILBERTO FRANCO, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GILBERTO FRANCO, demands a jury trial in this case.

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| DATED: March 29, 2018 | KIMMEL & SILVERMAN, P.C. |
| | By: /s/ Craig Thor Kimmel |
| | Craig Thor Kimmel Esq. |
| | Kimmel & Silverman, P.C. |
| | 30 East Butler Pike |
| | Ambler, PA 19002 |
| | Telephone: (215) 540-8888 |
| | Facsimile (215) 540-8817 |
| | Email: Kimmel@creditlaw.com |
| | Attorney for Plaintiff |